IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE ANNA VERTKIN,

    Debtor.                                            No. C 09-00393 JSW

**ORDER**

_____/

        This matter is set for a hearing on August 14, 2009 at 9:00 a.m. on the motion to deny Debtor Anna Vertkin, M.D ("Debtor")'s motion to withdraw reference of bankruptcy case and related case filed by Jeffry G. Locke, Trustee for the Chapter 7 Bankruptcy Case of Anna Vertkin, M.D. ("Trustee")  This matter is also set for a hearing on August 14, 2009 at 9:00 a.m. on the motions filed by the Debtor to accept jurisdiction, to assume jurisdiction (collectively, the "Jurisdiction Motions"), Debtor's motion for sanctions, the motion to strike Trustee's motion, the motion to appear by telephone, and the motion for entry of default judgment filed by the Debtor.  Debtor has also filed a motion for entry of default judgment.  The Court finds all of these motions suitable for resolution without oral argument.  *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing date of August 14, 2009 is HEREBY VACATED.

        Having carefully considered the parties' papers and the relevant legal authority, the Court HEREBY GRANTS the Trustee's motion to deny the Debtor's motion to withdraw the reference of the bankruptcy case and related case and HEREBY DENIES AS MOOT the Jurisdiction Motions, the motion for sanctions, the motion to strike, the motion to appear by

1  telephone, and the motion for entry of default judgment filed by the Debtor.

2  District courts, rather than bankruptcy courts, have original jurisdiction over all bankruptcy matters. However, the district courts may automatically "refer" all bankruptcy matters to the bankruptcy court. Further, 28 U.S.C. § 157(d) provides a mechanism whereby matters pending in a bankruptcy court may be transferred to the district court. *See In re First Alliance Mortgage Co.*, 282 B.R. 894, 901 (C.D. Cal. 2001). A transfer to the district court is accomplished by "withdrawing" the "reference." *Id.* A litigant who believes that a certain proceeding pending in the bankruptcy court should be litigated in the district court may make such a motion. The district court may also withdraw the reference on its own motion. 28 U.S.C. § 157(d). The reference may be withdrawn "in the exercise of the district court's discretion 'for cause shown.' In determining whether cause exists, a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Security Farms v. International Brotherhood of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997). The burden of persuasion is on the party seeking withdrawal. *In re Homeland Stores, inc.*, 204 B.R. 427, 430 (D. Del. 1997).

After considering the factors of efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors, this Court finds that withdrawal of the reference is not warranted in this matter and the Debtor has failed to meet her burden of persuasion. Therefore, the Court DENIES Debtor's motions to withdraw the reference and GRANTS Trustee's motion to deny the withdrawal. The case before this Court is terminated and this matter shall return to the United States Bankruptcy Court for the Northern District of California in Santa Rosa for all further proceedings. The Clerk shall close the file. The Court also finds that the related matter, case no. C 09-0701, is properly before the bankruptcy court and accordingly terminates the related matter as well.

In light of this Court's ruling, the pending motions filed by Debtor regarding this Court's jurisdiction, the motion for sanctions, the motion to strike, the motion to appear by telephone, and the motion for entry of default judgment are all DENIED AS MOOT.

**IT IS SO ORDERED.**

Dated: August 11, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

IN RE ANNA VERTKIN,

        Plaintiff,

  v.

IN RE ANNA VERTKIN et al,

        Defendant.

Case Number: CV09-00393 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 11, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Anna Vertkin
P.O. Box 2512
San Rafael, CA 94913

Dated: August 11, 2009

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk